IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In RE: | ) | |
| JOSE ANTONIO OROZCO | ) | CASE NO. 19-00242-MH2-7 |
| | ) | |
| DEBTOR | ) | CHAPTER 7 |
| | ) | JUDGE MARIAN F. HARRISON |
| MICHAEL GIGANDET, TRUSTEE | ) | |
| PLAINTIFF. | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| WEI MORTGAGE, LLC | ) | |
| | ) | |
| DEFENDANT. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DETERMINATION OF AMOUNT, PRIORITY AND VALIDITY OF SECURED CLAIMS**

Comes now the trustee, Michael Gigandet, in the above-captioned cause, and files this action to determine the amount and validity of the secured claim of the above-named potential claimant (defendant), pursuant to 11 U.S.C. Section 506, and to determine the priority of the trustee's lien position under 11 U.S.C. Section 544 in relation to said defendant, and would further state:

1. Jose Antonio Orozco ("debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 15, 2019; the Plaintiff was subsequently appointed as trustee and is currently serving in that capacity.

2. At the time of the filing of their petition, the debtor owned an interest in real property, consisting of a house and lot located at 1100 Main Street North, Baxter, TN 38544 (the "real property"). This property is property of the bankruptcy estate pursuant to 11 U.S.C. Section 541.

3. The debtor listed the defendant on Schedule D of the petition as a secured creditor with a lien against the real property.

4. The trustee has requested from said defendant that it prove that it has a perfected secured claim against the real property, under Local Rule 3001-1, and the defendant has failed to provide said proof.

5. A notice of non-compliance was sent to the attorney representing the defendant via e-mail on February 21, 2019. On April 17, 2019 the attorney responded that she was notifying the secured creditor. The attorney responded to the trustee's follow-up e-mails on June 13, 2019 but did not have the documentation. A second notice was sent via e-mail and hard copy on September 30, 2019. The defendant has not replied or provided proof of perfection.

6. The defendant has failed to establish that it is the holder of an enforceable claim against the debtors or the estate; nor has it produced any documents establishing its standing to enforce the note or the deed of trust.

7. The rights of the trustee (as a bona fide purchaser and a judicial lien creditor under 11 U.S.C. Section 544) are superior to any rights that of the defendant's alleged secured claim against the real property.

8. The trustee further has the right to sell real property under 11 U.S.C. Section 363(b)(f), if the secured claims against said property do not exceed the value of the real property.

9. The defendant does not have possession of the note, and has no standing or authority to assert a secured claim against the real property.

10. Under 11 U.S.C. Section 506(a) this Court can determine the amount of any secured claim of the defendant, and determine whether any charges, fees, interest, or other additions to the principal can be allowed as part of the secured claim.

11. If the defendant cannot produce the original of the note, then the amount of the secured claim for the defendant should be determined to be zero ($0.00).

12. If the defendant cannot produce the original of the note, then the claim of the defendant should be disallowed.

13. Under 11 U.S.C. Section 506(d), if the claim of the defendant is disallowed, the lien against the real property is void.

14. In the alternative, if the amount of all secured claim is equal to zero ($0.00), then the Court should deem the lien satisfied and released.

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That process issue against the defendant, and that it be required to appear and defend this action.

2. That the Court determine that the defendant has no standing to pursue a secured claim in this proceeding.

3. That the Court determine whether any asserted secured claim is superior or subordinate to the rights of the trustee under 11 U.S.C. Section 544.

4. That the Court determine the amount of any valid secured claim, and resolve any issues concerning interest, fees, charges and other additions to principal.

5. If the defendant fails to produce the original of the note, that the court disallow the claim of the defendant.

6. If the defendant fails to produce the original of the note, that the Court determine the amount of the secured claim of the defendant to be zero ($0.00).

7. If the claim of the defendant is disallowed, that the Court declare any liens of said defendant against the real property to be void.

8. If the amount of the secured claim of the defendant is determined to be zero ($0.00), that the Court declare any liens or claims of said defendant against the real property to be satisfied and/or released.

9. That the Court authorize the trustee to sell the real property free and clear of all liens, claims and interests of the above-captioned defendant.

10. That the Court assess all costs and attorney fees for this action against the defendant.

11. For such other and further general relief as is just.

>Respectfully submitted,
>
>**LAW OFFICE OF MICHAEL GIGANDET**
>/s/ Michael Gigandet
>
>_____
>Michael Gigandet, Trustee #11498
>208 Centre Street
>Pleasant View, TN 37146
>615-746-4949
>Fax: 615-746-4950
>michael@mgigandet.com

cc: U.S. Trustee